**David Lawrence LOESER, Appellant**

v.

**SANS ONE, INC. d/b/a Sansone's West Oaks Bar and Gerald A. Gross, Appellees.**

**No. 14–04–00162–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 9, 2006.

Ben Dominguez II and Priscilla Ann Rodriguez, Houston, for appellants.

Joseph A. Ziemianski, Bryan P. Vezey, Houston, for appellees.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this personal injury action, David Lawrence Loeser ("Loeser") appeals a take-nothing summary judgment entered in favor of Sans One, Inc. d/b/a Sansone's West Oaks Bar ("Sans One") and Gerald A. Gross ("Gross") on the grounds that: (1) Gross and Sans One owed Loeser a legal duty; (2) Loeser presented legally sufficient evidence of a breach of that duty and causation; and (3) the trial court erroneously awarded court costs against him.[1] We affirm.

Alleging various theories of negligence, Loeser sued Sans One and Gross for injuries he sustained when he was physically removed from Sans One's premises by Gross, the bar manager. As relevant to our disposition of this case, Sans One filed a no-evidence motion for summary judgment, challenging the causation element of Loeser's claims, which the trial court granted.

A no-evidence motion for summary judgment must be granted if: (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. See Tex.R. Civ. P. 166a(i). In reviewing a no-evidence motion for summary judgment, we view all of the summary judgment evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *City of Keller v. Wilson*, 168 S.W.3d 802, 823–25 (Tex.2005).

Recovery under all of Loeser's causes of action requires evidence that some negligence by Gross or Sans One proximately caused his injuries. One component of proximate cause is cause in fact. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex.2003). As applied to this case, the test for cause in fact is whether Loeser's injury would not have occurred without negligence by Gross or Sans One. *See id.* A finding of cause in fact may be based on either direct or circumstantial evidence, but cannot be supported by mere conjecture, guess, or speculation. *Id.*

---

1. Although Loeser's brief lists this as an issue, it provides no authority or discussion to support it. This issue therefore presents nothing for our review and is overruled. *See* Tex. R.App. P. 38.1(h).

In this case, Loeser went up onto the stage at Sans One, took the microphone, and demanded that the management turn up the air conditioning. When Loeser would not then leave the stage, Gross grabbed him from behind and dragged him off the stage (which was approximately three and one-half feet high) and out the emergency exit.

■ A bystander testified that two (unidentified) men grabbed Loeser and flipped him over the stage railing before shoving him out the door. In his depositions and affidavits, Loeser claimed to have been thrown over a bike rack or a bench, but his "best guess" was that his leg was injured when he was removed from the stage. Shortly after he was expelled from the club, a witness heard Loeser complaining that his leg hurt and noticed him limping. Medical records indicate Loeser was treated for a leg fracture on the following day. A physician testified that his injury may have been caused by someone pushing and falling on him with his knee twisted, but there were also other conceivable causes.

This evidence supports an inference that Loeser was injured during the altercation at Sans One. However, Loeser has cited no evidence that any aspect of either the method used to remove him from the stage (or premises) or the manner in which that method was employed constituted a failure to exercise reasonable care under the circumstances presented, let alone that Loeser's injury resulted from any such lack of reasonable care. Therefore, his challenge to the summary judgment on the issue of causation is overruled, and we need not address his alternative challenges to it. Accordingly, the judgment of the trial court is affirmed.